CORA KNIGHT, Respondent, v. THE SADTLER LEAD & ZINC COMPANY, Appellants.

Kansas City Court of Appeals, January 20, 1902.

1. **Master and Servant:** SAFETY OF WORKING PLACE: NEGLI-GENCE: INSTRUCTION: HARMLESS ERROR. The master is not required absolutely to furnish the servant a reasonably safe working place, but to use ordinary care and diligence to provide such place; and an instruction is examined and held to cast upon the master the absolute duty to furnish such place and to fail in other parts to properly modify such declaration; but when taken with defendant's instructions which properly declared the law, the instruction is regarded as harmless.

2. ——: ——: ——: ISSUES: INSTRUCTION. Moreover, the alleged error in said instruction is harmless since the issues did not present the question of a safe place of work, but of a failure to guard against danger arising from permitting boys to use and amuse themselves with cars on defendant's track.

3. ——: ——: POLICE PROTECTION: INSTRUCTION. Nor is said instruction subject to criticism for precluding defendant from resorting to police protection against boys using its cars, since there is no evidence as to police protection.

4. ——: DAMAGES: DEATH LOSS: INSTRUCTION. An instruction on the measure of damages for a death loss should state the elements the jury should consider in assessing damages, and is not erroneous for requiring them to consider the deceased's age, habits of industry, capacity for labor, and probable earnings.

Appeal from Jasper Circuit Court.—*Hon. J. D. Perkins,* Judge.

AFFIRMED.

*Percy Werner* and *Galen & A. E. Spencer* for appellant.

(1)   Plaintiff's instruction No. 1 is erroneous, in that it requires defendant to make the mouth of its shaft reasonably safe, when its duty was only to exercise ordinary and reasonable care to do this.   Bradley v. Railroad, 138 Mo. 293; Higgins v. Railroad, 43 Mo. App. 547; Blanton v. Dold, 109 Mo. 64; Friel v. Railroad, 115 Mo. 503; Bohn v. Railroad, 106 Mo. 429; Berning v. Medart, 56 Mo. App. 443; Gormully & Jeffrey Mfg. Co. v. Olson, 72 Ill. App. 32.   (2) This instruction further errs in declaring the duty of defendant to be to do two specified things, to-wit:   To guard the mouth of the shaft by blocks and stops, or to lock or otherwise fasten the cars, ignoring any other reasonable means defendant might have adopted (e. g., by endeavoring by reasonable police measures to prevent boys coming to the track) to make place reasonably safe.   See authorities under point 1.   (3)   The instruction thus incorrectly states the law, and contradicts instruction No. 1 for defendant.   One does not supplement the other, but the same thing, viz.: the duty imposed by law on defendant, is stated in two repugnant and inconsistent ways. Redpath v. Lawrence, 42 Mo. App. 101; Dlauhi v. Railroad, 105 Mo. 645; Frank v. Railroad, 57 Mo. App. 181; Welch v. Railroad, 20 Mo. App. 477; State v. Laurie, 1 Mo. App. 371; Singer Mfg. Co. v. Hudson, 4 Mo. App. 145; Fink v. Algerwissen, 25 Mo. App. 186; Billups v. Daggs, 38 Mo. App. 367; Frederick v. Allgaier, 88 Mo. 598; Thomas v. Babb, 45 Mo. 384.   (4)   The second instruction given for plaintiff is erroneous.   Railroad v. St. Louis, etc., Co. 120 Mo. 541.

*Thomas & Hackney* for respondent.

(1)   Instruction No. 1 given for the plaintiff, when fairly analyzed, is entirely unobjectionable, and was fully supported by the evidence.   There was no pretense on the trial that defendant had used any means whatever, nor exercised

any degree of care, to protect its employees from injury arising from boys riding on the cars for amusement. (2) The latter part of the instruction explains, qualifies and renders harmless what precedes it. It points out what omissions of duty on the part of defendant will constitute a neglect to provide a safe place for the deceased to work in, and what facts, if found, will create a liability. It was proper for the court to so instruct the jury. Bradley v. Railroad, 138 Mo. loc. cit. 307. (3) The instruction (No. 1) given on behalf of defendant, fully supplemented this instruction given for the plaintiff and was based on exactly the same theory. (4) Instruction No. 2, given for plaintiff, bearing on the measure of damages, is correct. Schaub v. Railroad, 106 Mo. loc. cit. 93.

BROADDUS, J.—This is an action for the alleged negligent killing of plaintiff's husband while in defendant's employ. The defendant was engaged in mining, and had two shafts connected by a track laid about on the natural surface of the ground, one end of which was about seven feet lower than the other. This track was about three hundred and fifty-five feet long. From the evidence and a diagram included in the abstract the down grade extended almost two-thirds of the length of the track. The balance of the track was practically level if not slightly up grade. There were cars and switches on this track. The defendant operated cars for the purpose of carrying dirt and other things. On the evening of April 27, 1897, Anson Knight, the husband of the plaintiff, then in defendant's employ as a miner, was digging a shaft which at that time had reached a depth of something over one hundred feet. There was with him at the time another laborer named Wm. McKinley who was also killed. The two shafts mentioned were designated by the numbers three and four, the deceased was at the bottom of No. 3 when he was killed. The grade of the track was higher at No. 4 than

at No. 3, so that if a car started at No. 4 without control, its speed would become sufficient to carry it to shaft No. 3, where there was a piece of timber about three inches thick, rounded on top and placed across the track flat side down for a stopblock. The accident happened by two boys pushing the two cars on the track up to No. 4 and one of them getting on the last car pushed, giving it a start down the track and then pushing on the rear. It obtained such speed that on nearing shaft No. 3 the boy became alarmed and jumped off; the car continued its course, striking the stopblock, bounding over and falling to the bottom of the shaft, where it struck and killed plaintiff's husband and said McKinley.

The charge of negligence is that defendant failed to place sufficient guard or stopblock at the end of the track at the mouth of the shaft to stop the car when arriving at that point, and in failing to lock the cars so that they could not be handled by boys or children when not in use under the immediate supervision of defendant, the defendant knowing that boys were in the habit of riding on the cars for amusement when they were not in use. We are indebted for this statement mostly, to the statement made by Judge ELLISON when the case was before him, which is reported in 75 Mo. App. 541. The plaintiff introduced evidence tending to sustain the issue on her part. The defendant introduced no evidence. There was a verdict and judgment for $3,000 from which defendant appealed.

The defendant's contention is that the court committed error in giving instructions. One is as follows:

No. 1. "The court instructs the jury, that if they find from the evidence that plaintiff's husband, Anson T. Knight, on or about the evening of the twenty-second day of April, 1897, was in the employ of the defendant, as a miner engaged in sinking a shaft for defendant, and being at the bottom of said shaft at work; and that at and before that time,

the defendant had and used a car track, and that the same was negligently and carelessly placed on the surface of the ground and that the mouth of the shaft in which plaintiff's husband was working was lower than the surface of the ground at the other end of the car track, so that cars placed on the other end of the track, unless locked or otherwise securely fastened, would run down said track with force to the mouth of the shaft where plaintiff's husband was engaged in digging, and that the car track as constructed, operated and maintained by defendant was negligently and carelessly constructed on too steep a grade, and was dangerous to miners working in the bottom of the lower shaft, and if you find from the evidence that children and boys used said track and the cars of the defendant to amuse themselves by riding down said track toward and in the direction of the shaft where plaintiff's husband was engaged in digging; that if you find that the superintendent of the defendant knew that children and boys were using said cars and track to ride on, for amusement, *it then and there became the duty of the defendant to make the mouth of the shaft where plaintiff's husband was working reasonably safe* by protecting the mouth of said shaft with sufficient guards, blocks or stops to prevent cars on said track, in case such cars came down said track, from falling into said shaft, or in case a car or cars was permitted to be on said track to lock said car or cars or otherwise fasten them so that the said cars could not be used by children or boys, and could not be run down said track; and if the jury find from the evidence that said track as constructed and used was dangerous, and that boys were in the habit of using said track and the cars of defendant in riding down said track for amusement, and that they were so using said track and cars was known to the defendant's superintendent, and that the defendant failed to guard the mouth of said shaft so as to make the same reasonably safe against accident from cars running into the same, and neglected and failed to lock or fasten said cars, but negli-

gently permitted its cars to remain on the track; and that on the evening of the said day, the boy, George Clark, used a car of defendant, on said track, and started said car or permitted said car to start down the said track, for amusement, and the said car got beyond the control of said boy and ran down the track to the mouth of the shaft and was precipitated down the shaft at the bottom of which plaintiff's said husband was working, and struck and wounded plaintiff's said husband, of which wounds he afterwards died, while said Anson G. Knight was in the exercise of reasonable care, you will find the issues in favor of the plaintiff."

It is admitted by plaintiff that that part of instruction No. 1 in italics, is faulty for the reason that it required of the defendant the absolute duty to make the mouth of the shaft where plaintiff's husband was working, reasonably safe; but that which follows qualifies and corrects said fault.   In Bradley v. Railroad, 138 Mo. loc. cit. 307 and 308, a similar question arose.   In that case the instructions were, that it was the duty of the defendant to use ordinary care and diligence to provide plaintiff a safe place to work.   This was held to be error because the plaintiff was employed to work in a dangerous place and he knew it, and that the work he was doing assisted in creating the danger.   But the instruction was coupled with the following words, viz. :   "And if the jury believe from the evidence, that the embankment around which plaintiff was working as disclosed by the evidence, was allowed to become insecure and dangerous, on account of defendant's negligence, and liable to fall upon the plaintiff while working around the same, and that defendant knew or by the exercise of reasonable care could have known of the dangerous and unsafe condition of the embankment," etc.   The court held that the part last quoted, qualified and rendered harmless the preceding part.   "It points out what omission of duty on the part of the defendant will constitute a neglect to provide a safe

place for plaintiff to work in, in the circumstances of this case."

That part of said instruction which plaintiff claims qualified and corrected the error made, is as follows: "And if the jury find from the evidence, that said track, as constructed and used, was dangerous and that boys were in the habit of using said track and the cars of the defendant's, in riding upon said track for amusement, and that they were so using said cars and track, was known to defendant's superintendent, and *that the defendant failed to guard the mouth of said shaft so as to make the same reasonably safe* against accidents." The language quoted is subject to the same objection. It also makes it the duty of the defendant to unqualifiedly guard the mouth of the same so as to make it reasonably safe. If he failed to do so notwithstanding it may have used every reasonable precaution, it would under the instruction still be liable. Defendant's instruction No. 1 is free from any such objection. As an abstract proposition of law it seems to be complete and as it does not appear to be in conflict with that of No. 1 for the plaintiff and when read together we do not think it possible for the jury to have been misled.

However, the error must be disregarded on another ground. The facts of the case show that the death of plaintiff's husband was not occasioned by danger incident to the place in which he was engaged at work at the time he was killed, nor for failure of the defendant to guard the mouth of the shaft against damages incident to the operation of the cars on this track in the usual and ordinary manner, suitable to the business on hand. The gist of the action was in the failure of the defendant under the existing condition of the track, it being laid on a down grade to the shaft in which deceased was at work at the time, to guard against a danger which was liable to occur, by permitting its cars to be used by boys, or not securing them by locks or otherwise when they were not in ordinary use. The insufficiency of the guard at the mouth of the

shaft, does not appear to have been the cause of the accident, but rather the reckless conduct of the defendant in allowing boys to use the cars for their amusement. We think the instruction covers this phase of the case. Said instruction is further criticised, because it precluded the defendant, by omission, from resorting to the police for protection against boys using its cars. Had it been shown that defendant had engaged the aid of the police to guard its track and cars against the trespass of boys, this would have been error, but as there was no evidence to that effect, the defendant could not have been injured thereby.

The objection to the second instruction is because the court erroneously instructed the jury to consider the deceased's age, habits of industry, his capacity for labor and the probable amount of his earnings had he not been killed. It is claimed that this was singling out these features, and telling the jury by implication to consider only these, and excluding from their consideration all other facts and circumstances.

The court in giving this instruction did not exclude from the consideration of the jury any fact or circumstance. They were instructed if they found for the plaintiff, in estimating his damages they were limited to include certain elements. It is not claimed that the elements enumerated were out of place in the instruction. If any element going to make up plaintiff's damages had been eliminated, the defendant was not injured thereby. It lost nothing. On the contrary it would have been the gainer. It was the duty of the court to tell the jury, in estimating plaintiff's damages, what elements they should take into consideration, for without such direction they would be left without any guide whatever. The question is not similar to that determined in Railway v. The St. Louis Union Stock Yards Co., 120 Mo. loc. cit. 559.

From a review of the whole case and for reason given, we believe that the finding and judgment was for the right party and should be affirmed. Affirmed. All concur.